All right, thank you. You can be seated. All right, Mr. Gordon, whenever you're ready. Thank you. May it please the court. In preparing for oral arguments, we always try to anticipate what the first question from the court is going to be, and I think in this one I'm pretty confident what it's going to be. So before we get into that, I do want to emphasize that we are contending that the 30-year sentence that Judge Boyle imposed on Mr. Williams is substantively unreasonable. Your position is, every sentence we got, every time was substantively unreasonable? Yes, yes. That the 30-year sentence, and I'm fearful we're going to lose sight of that in the argument, and I don't want that to happen. So there were circumstances, as we pointed out in the brief, having to do with his childhood, his In fact, I would contend fully on the nature of the offense. Now, the cases say courts are allowed to do that, but not to the exclusion of all the other 3553A factors, and I think there were some 3553A factors in his favor that were not considered. And so to have a 100% increase on the 924C, I would argue, was unreasonable. With respect to the questions the court has asked us to supplementally brief, Judge Boyle clearly, I believe, had the right to reopen that hearing. No one at the district court level, not the judge, not the prosecutor, not the defense attorney, not the probation officer, questioned that he had that authority. And the government affirmatively answered, yes, you have the authority to do this. On his response brief, argued 30-year sentence. And it was this court that ordered the supplemental briefing on his right. Where do you believe the authority lies for him to reopen the sentence and do what he did? Okay. Rule 35A says you can do it for a clear error, an arithmetical error, or a technical error. And I'll confess to the court, I looked and tried to find a case about technical error and did not. Is that what you contend this was? No, I contend it was a clear error, but I think it could, I wish I could have found a case on a technical error because it sounds like there was a technical problem here too. But let's talk clear error. The clear error is that, and we know this from what Judge Boyle said at the reopened hearing, he was unaware of the statutory penalty for 924C. He thought he was limited to 10 years. And I think he makes that clear. But that's not clear error. I mean our court has said that it's an error that would almost certainly result in the remand of the case to the district court. Well, I would contend that it should result in a remand to the district court because in order to achieve the sentence that he wanted, thinking that he could not go higher on the 924C, he gave substantively unreasonable sentences clearly, I think, on the bank robbery and on the felon in possession. But that's objecting to, I mean that's objecting to how he arrived at his conclusion, isn't it? I'm still not getting that as clear error. And I'm sorry I interrupted you, so you may have to go back to that. No, it's quite fine. I simply would contend that for a judge to not know the law, the legal penalties, is a clear error. I don't know what more. This is not a case of him changing his mind, saying, well, I really blew up at that first hearing and I really feel bad about giving that much time. This was not a change of heart case. Did the 480 months that he originally imposed exceed in any way the statutory maximums for the penalties he was sentencing for? It did not. In fact, it was the statutory maximum for all of it. The only one it did not exceed the statutory maximum for was the 924C. It met the mandatory minimums for bank robbery, for the Hobbs Act robbery itself, and for the 922G, the felon in possession. So none of the sentences are illegal as far as exceeding the statutory maximum? Well, the felon in possession sentence technically was a 20-year sentence because he made that consecutive. He piled that on top of the Hobbs Act and the bank robbery. But the time period, the imposition of it consecutively took the total up. The sentence itself wasn't illegal, was it? I mean, the sentence itself was acceptable, wasn't it? The 40-year sentence? The last one you referred to that he stacked. The difficulty that I'm having here is that I read it exactly as you suggested it was not, and that is that the judge had a change of heart. That he had second thoughts and said, upon reflection, in the record, I think it's J52, that he reallocated how they were to run. Well, you know, the Lehman case, the Cook case, talk about acknowledged and obvious mistakes. He was reading from the wrong sheet of paper and did not understand the correct penalty. So I would, to me, that is an acknowledged and obvious mistake. There's nowhere in the what he said was, by not understanding his discretion, his ability, what he was able to do under 924C, that he punished the wrong offenses. That he over-punished the wrong offenses. When, I can't remember the exact word he used, but the egregious conduct, I was the firing, was the discharge. And that was what he wanted to punish and that was what he didn't know he had the authority to do at the first hearing. Let's suppose he hadn't changed the summons. Gave him 480 months, did what he said, nothing else happens. Now you come up on appeal charging that 480 months on a summons is subjectively  I'm not, I'm sorry. You didn't, but I mean let's suppose you did. What would be your grounds for reversing? First of all, I would not simply be arguing that it was substantively unreasonable. Oh, I think there was procedural error all over the place. For example, and let me point out first of all, that we would be under a different standard of review if we were reviewing the original sentence. Because the defense attorney asked that the conviction that got him three points, the felon in possession conviction in Tennessee, would have lowered his guideline range. She made other points about his childhood, about the effect of loss of his adopted mother, so forth. None of that was addressed by the court. I would argue again procedurally that it was a procedural error to give a consecutive sentence on the felon in possession. And then I would get into the substantive reasonableness of it. That bank robbery was a note job. He was not armed. No one was hurt. And he got the minimum sentence for that. The felon in possession case was a classic thrown gun case. He's running from the police, puts the gun in his waistband, pulls it out, does not turn around and point it at the officer, by the way, he just tosses it. How many cases like that have we all seen? And in how many of those cases has the person gotten 120 months? That's the maximum. So there would be arguments about both the substantive and the procedural aspects of it that we had no reason to raise when we were looking at the 30-year sentence. So I hope that answers your question. I think what I really would like to emphasize is that the cases, especially the ones I've seen out of this court and the ones that the court quoted in its order for the supplemental briefing, talk about changing the mind, changing the heart, second thoughts, so forth. I think Judge Boyle here wanted to correctly structure the sentence and he thought that he recognized it because he did not know what the maximum possibility was that he had made a clear error. I'm a little surprised, and I don't mean this to be harsh or even critical, but I'm a little surprised that you didn't challenge this court's authority, and maybe that's too strong a word, or perhaps I should say the propriety of this court's directing the parties to brief, go into, and discuss the authority of the district court to issue an amended judgment or amended sentence under circumstances presented in this case. Neither the defendant, the appellant, nor the government raised this issue. Obviously, the district court did what it thought was right in reducing the sentence, and all of a sudden you get this order from this court saying, hey, and it's not a question of our jurisdiction. Obviously, federal court has an obligation to examine its own jurisdiction, and I guess the jurisdiction of the district court, but this is not about subject matter jurisdiction. This is not a constitutional issue. This is about judge made a serious mistake, sought to avoid a manifest injustice by correcting that mistake while the case before the notice of appeal was filed. I'm surprised you didn't, and maybe you investigated it, you researched it, and maybe you came away just sort of with nothing, but I'm a little surprised, and I didn't mean to take up all your time. May I answer a question? Well, after the panic subsided when the order came in, this court used the word jurisdiction in ordering the supplemental briefing. That really scared you, but it's not jurisdictional. I agree it's not jurisdictional. Why don't you write back and say it's not about jurisdiction, your honors. It's about something else. I didn't say it. Well, I argue that he had authority under rule 35a to do it, but I cannot quote off the top of my head, but this court does have the authority to supervise. Of course. That was what I saw you were doing. Again, my time is up, but thank you, and again, please don't lose sight of the 30-year challenge. Thank you. All right, let's hear from the state. May it please the court, I'm Assistant United States Attorney Barbara Coker on behalf of the government. While it is always a pleasure to be before you, the enjoyment today is tempered by the recognition of the potential impact the position I take has on the defendant. There are, we are here today because as your honors have pointed out, both parties, the government and the counsel for defendant below told the district court that it could do what it could not. We are here today now facing competing interests that are not of the same nature, and they don't weigh cleanly one against the other. So you don't, I'm sorry, you're going to get to whether or not you believe that it is clear error once a sentence is imposed, orally pronounced, that under the three limited, under the three circumstances that appellant set out, he is, the appellant is saying that it was clear error. Do you do or do not agree? The government opposes that position. We disagree with the appellant in that regard. Clear error as determined by this circuit in the Cook case is reversible error, and in order to good case in response is the Fourth Circuit case of Fields where the district court failed to impose a sentence that she had intended to impose following a remand. She, in fact, imposed, reimposed the same sentence. Reopened the sentencing to impose that fine. The court, this court made specific note that the record of that first sentencing contained no error in it, despite what may have been meant. There was nothing in the record that indicated that there was an error, and but for the presence of the second transcript, the government would not have been able to appeal the absence of the fine. It was entirely legal. In this case, the first sentencing, the 480 months, the way the judge stacked the case was not erroneous, despite what he may have stated. The government does also read differently the judge's statements, but taking the appellant's argument as it stands, that the judge believed he had erred in stacking the sentences. When a defendant is convicted of multiple counts, the court has access to that entire combined statutory maximum. And that's, that's irrespective of whether or not the court adequately explains what it does. We're leaving that aside. Correct, correct. You're saying that in the cosmic sense that time was available to it, whether it, whether it, it, whether it justified it or not. That's correct, your honor. Look at, for instance, the times that there is discharged or uncharged conduct, and upward departures or variances, higher sentences are given. These court, this court reviews those sentences all the time where there's not even a count before it upon which the conduct that the court took into consideration for that upward departure is being considered. So there was no clear error. There was no reversible error on the face of that record itself. The government takes the position today for the broader interests, not because of the direct impact that it has on the defendant, but because the broader interests of finality from the district court standpoint and this court's jurisprudence are both upheld. And those broader interests are the ones that have stood the test of time. So I ask the court, too, to turn its attention then to those topics. So the jurisprudence of the court would indicate that the court, district court, did not have the authority to re-sentence here. It would further indicate that the 480-month sentence originally imposed was itself reasonable. That is because of the totality of the circumstances. The court, the district court, did explain its sentence, the 480-month sentence. It considered numerous 3553A factors, notably the nature of circumstances. I'm sorry, you don't earnestly mean to suggest, do you, that this district judge intended to impose a 40-year sentence? Oh, Your Honor, the record is replete with his statements. Then why did he change it to a 30-year sentence? Please tell us that. If only I could, Your Honor. There would be many of us. Well, there's only one explanation, isn't there? He had to change his mind. Because he never, oh, you think he changed his mind? Oh, actually. In the few days after the sentencing, you think he actually just changed, straight up changed his mind? I do, Your Honor. In fact, the transcript at that point, where he's discussing the error, and this would be my distinction. How long has this judge been on the bench? Thirty-one years, sir. He announced it in this hearing, in fact. And you think he just changed his mind? I believe he had buyer's remorse. But he does suggest that it may have been intemperately granted, and he calmed down. And it's not unclear that that could not have been the case. Yes, Your Honor. I believe the transcript does support that position. He makes reference to the fact that upon reflection. But then you didn't object to it. The government did not object? Yeah. Why didn't somebody stand up and say, Your Honor, I'm sorry. You don't get to change your mind. The procedural process and that reopening was not something that we've encountered commonly. Because this judge has never changed his mind. That's why. It doesn't happen. He made a mistake. He wanted to give him thirty years. Well, Your Honor, wanting to give him thirty years is not a reversible error. I didn't say it was a reversible error. I said he wanted to give him thirty years. He wanted to give him thirty years at the original sentencing, and he wanted to give him thirty years at the second sentence. This judge didn't change his mind. Your Honor, I can only say that the judge said before the victim allocution, I'm going to put you in jail forever. Not really, but I'm going to try. The public would be outraged if you didn't go away for an extended period. And thirty years is that extended period? It's not forever. Oh, that's how you define extended period? No, he goes on to say that he can't see any justification for a sentence below the maximum. The forty-year sentence is the maximum on everything but the 9-12. But he never articulated that the maximum was indeed forty years. He wanted to give him the maximum, thinking it was thirty years. He then, in a third occasion, said, irrespective of the guideline range addressing counsel's concern about the Simmons issue, the court is entertaining a variance to the statutory maximum on one and four, which is in fact what he imposed that day, and questions whether he should give the statutory maximum on count three consecutive. That, too, is what he imposed that day. I think the record is consistent. He did what he intended to do that day. When he reconvened, he began by saying, after thinking how I imposed sentence, I want to go back and remove that and consider a different approach to it. He confirmed with the parties then what sentence he actually had imposed, and he says what I should do and what I intend to do upon reflection. So you don't think that was just, with all respect to the district court, covering up a serious mistake? I don't, Your Honor. In fact, he goes on to say, I think it's the 9-12. There are very few district judges who would come out and say, you know, I feel like an idiot, but I gave this guy a lot more time than I intended to. I don't think there are very many district judges who would admit that on the record. Well, Your Honor, the problem with admitting that is that the judges who are familiar with this aspect of Rule 35 would know that that would be closing the door on their jurisdiction. I would submit to you that a knowledgeable district court would search the record for an error, a reversible error, in order to find jurisdiction. That raises an interesting question. Do you believe, or do you know, whether the district court actually believed it had authority to do what it did? I have no knowledge. I believe it. You believe that? I believe that the district court knew it had the authority to do, as I said. Even though we all never agreed it didn't? I'm sorry. I'm sorry. So he was wrong on that, and he was wrong, and counsel argues that he didn't even know what the maximum sentences were. I misunderstood your question, sir. I thought you were asking if he had the authority to impose the 480 marks. No, I didn't. Did he know? Did he believe he had the authority? To reconvene? Yes. I would presume he believed he had the authority to reconvene. Why would you presume that? Because I would take the judge having reconvened the hearing as proof evident that he believed he had the authority to do so. You wouldn't believe he, you would not believe that he believed he had the authority three weeks later, would you? I am trying to. In other words, you get a phone call from a judge three weeks after sentencing saying, be in my courtroom tomorrow, I'm going to resentence this guy. You don't think the judge actually believes that, you don't think a federal judge of 30 years standing believes he can do that, do you? Your Honor, I have never been in a position to question what the judge believes. That's your day job. You've never been in a position. It is, and I, and I, you know, we do hopefully advise the court correctly, which we did not in this case, I agree. But now here I am advising another court, and I must advise it correctly, particularly given the record below. The interesting thing on the substantive reasonableness is that the 360-month sentence actually was given no reasons. If you look at the transcript of the reduced sentence, the judge gave no reasons for that reduction, just said that he wanted to realign everything on the 924C and imposed what ended up being a 10-year lesser sentence. Without the reasons and the justification that Judge Boyle gave at the original sentence, I don't know that the 360-month sentence could be found reasonable by this court. But the totality of the circumstance in this case, the justification that he put on the record... I'm sorry, did you say you don't see how it could be found reasonable or unreasonable? By itself, the record of the 360-month sentence contains no justification for that 360-month sentence. If you look at the party's briefs... And that therefore it's unreasonable? Without the 480-month sentence justification. The justification for the sentence comes for the 480 months. Right, which is consistent with my thesis that that's what the judge intended to impose, which was 360 months. Because he gave the explanation, I'm going to send you away for a very long time, but he ended up at 480. And so the argument is, well, he changed his mind. And the alternative argument is, no, he didn't change his mind. He corrected an error. Your Honor, with all due respect, he doesn't mention that error. He doesn't say, I meant to impose. I don't think very many judges would come out and say, what an idiot I am. The transcript from the first hearing is clear that he intended to pose the statutory max on those three counts, and he did, in fact. If we do not agree with you about the substantive reasonableness of the, about the reasonableness of the 480, the original sentence, what do we do? Where do we go from there? Where does that leave us? I think that whatever the court decides, that a remand is in order. Because either the 360, in any event, the 360-month sentence needs to be done away with, needs to be overturned. And in the government's position, the court ordered to reinstate the 480-month sentence. If, upon the court's review, it finds the 480-month sentence is not itself reasonable, then it would be remanded for a new sentencing. In this case, though, the 480-month sentence, again, Judge Boyle, in that sentencing, followed exactly the law. He referred to and discussed several different 3553A factors, the horrific nature of the crime, the need to protect the public, the need to deter this defendant. If you look at his criminal history, he had just gotten out of a 66-month federal sentence in Tennessee, came over here, did this robbery, jumped the, shot these people without ever asking them for a dollar, in the abdomen in one and in the face in another, was found a month after this crime in the possession of a firearm, was then revoked on his Tennessee federal supervised release, went and served time over there, came back, and then robbed the credit union. He was dedicated, he was a dedicated recidivist. If there was ever a case, Your Honors, that a 480-month sentence, particularly when the underlying, it's not like Judge Boyle upwardly departed from a 33-month sentence, right? This gentleman was looking at the top end of 257 months. The increase here in response to the totality, all of those circumstances is significant. And while I understand the defendant's argument in regard to his personal history, we have seen much worse. His personal history, having lost his adopted mom, the only person who ever loved him unconditionally, is by no means ideal. He was 20 at the time that woman passed. We've had defendants whose fathers have taught them how to sell crack at the corner, who have abused them. This is not that case. And as this court has said in the Howard decision, inherent in the concept of reasonableness is the notion that the rare sentence may be unreasonable. And inherent in the idea of discretion is the notice that it may, on infrequent occasion, be abused. It is simply the government's position in this case that this defendant in this crime, with his criminal history, with the injuries sustained by the victims, this is not that rare or infrequent case that does not fall within that range of reasonableness. I would submit, Your Honors, that Judge Boyle actually put himself in the position of the appellate court reviewing himself and found a different point that he believed appropriate. Well, he also thought he could do that. He said, I'm going to reopen the sentencing hearing. I think I can do that. I haven't signed a judgment. So apparently he thought that he had until he signed the judgment to rethink what he did. That's right. And this court decided actually ahead of the change in Rule 35 that it's the oral pronouncement of sentence in the public forum. But why would it not be, and I understand that perhaps it's difficult for you to argue this, but why would it not be appropriate for this court to unravel what has turned into such a procedural snarl for, without blaming anyone, for what appears to have been a collective misunderstanding, not the least of which was on the part of Mr. Williams, who said, yes, he thought that was fine. And I put actually a great deal of thought. I was unable to come up with a way to unsnarl, I think that's an excellent characterization, to unsnarl the case that does justice to the finality of the district court's decision or to the court's jurisprudence. But you recognize we have to remand? It needs to be remanded for reinstatement of the $400,000 sentence. Yes. Do you agree it's a question of jurisdiction? I do believe. Properly understood. It is a question of the district court's jurisdiction. Yes, Your Honor. It was a jurisdictional issue. The court, it is properly termed that the district court did not have jurisdiction to reopen that sentence. In which case makes that point as clearly? You'd ask me that next. And I do not have that written down. OK, OK. But it is. It's in your supplemental brief, I guess. It is certainly in the case law that I have read in preparation for today. I mean, it's just that the Supreme Court in the last decade or so has really been very clear that its prior use, loose use, frankly, of the term jurisdiction, the court has really backed away from that. And it's just, I don't know, maybe it's just me, but I mean, the notice of appeal hadn't been filed. Of course, whether the district court had signed the judgment or not is totally irrelevant. And I get that. But the case was still before the district court. Now, I understand the rules are the rules, and the rules have to be followed. It is a difficult case, Your Honor. As I said, the government itself. It's a difficult case for jurisdiction. I guess I'm looking for a different label. What I believe to be true, and what the case law supports, is that there was no authority for the court to have this resentencing. If this case goes back for a completely new sentencing, can this judge, as a practical matter, give more than 360 months? The government says it can, Your Honor, because the 480-month sentence. As a practical matter. I know as a matter of legality, he has a full range of punishments. But having resentenced the defendant after thought, and reduced the sentence to 360 months, how as a practical matter can he give a sentence greater than 360 months? By practical matter, sir, do you mean, do I find it likely that he would? No. The judge has put himself on the record as saying now, upon second thought, he believes that 360 months is really the appropriate sentence. Having staked himself out as a practical matter, could he reinstate the 480 months? As a practical matter, I conceive the difficulty. I would point out, I do not believe the victims were notified of that 360-month hearing, and the government would make every effort that at the resentencing they would be present. Um, and as a practical matter, I don't know what effect that might have on the judge. And again, the government never, never in any way, shape, or form, opposed 360 months. The government affirmatively, Your Honor, I see my time is up, but the government affirmatively with defense counsel told the judge that he could do what he tried to do. Right. Thank you. Thank you. Thank you. Uh, first, uh, Judge Davis, I think, uh, it's a issue of use of discretion. I think that the jurisdictional part of 35A is the 14 days. Um, but I think this court needs to evaluate whether the judge abused his discretion within that proper window by, by reopening the case. Do you think he had the discretion? I do think he had the, I, I think, I think your, your inquiry is under, under, under an abuse of discretion standard. But you think he had discretion? We're checking. Yes, but you can abuse discretion. And you're saying that because, is that, are you saying that because it's your position that he did it appropriately under 35C? I, I'm trying to understand exactly what question you're answering. Are you saying that it, the judge had the discretion to revisit the sentence within the 14 days? The judge has the discretion within the 14 days to reopen the hearing. It could be, it could be an abuse of discretion at which, which, which this court could find. That there, you know, the judge may believe he made a technical error. Right. And this court says, no, no, you didn't. I think, and I think that was what I was trying to add. You're saying it's, he has the discretion to do so to consider the availability of the three circumstances that are available to him for changing the sentence. That is my position, yes. Very quickly, I wish, I wish I had another 20 minutes, actually. Um, um, I, Judge Duncan, respectfully, I think we really need to take Judge Boyle at his word. I'm perfectly happy to take Judge Boyle at his word all the time. I'm happy to take him at his word the first time, and I'm happy to take him at his word the second time. What I'm uncomfortable doing is picking one because I, I thought the record was clearer than daylight that he was upset with this person, that he was going to, well, he said, I'm going to send you away for as long as I possibly can. I mean, my only point is, I'm happy to take him at his word for the 360 months. I'm not willing, uh, to say that he didn't mean what he said the first time. And the difference may just be the practical one that now that he's gone on the record and said, well, I thought about it, it really would have been better for me to give the 360 months that he might not reach the same conclusion on remand. But I think the record was quite clear. Well, um, I'd like to put a little bit before the part that, uh, that my friend, uh, uh, Miss Coker quoted, um, about putting him away for a long time. Uh, the, um, defendant, this is on page 25 of the joint appendix, where the defendant told him, um, I'm sorry, the court said, you know, people, people need to be safe when they, when they shop. Suppose I go to the dollar store and you won't shoot me. And you shoot me. The defendant says, I mean, it won't happen. It won't happen because I'm going to put you in jail forever. The defendant says, well, you have the power to do, do so. The court says, not really, but I'm going to try. Well, actually, the court did have the authority to put him away forever under, under 924C. So I think that clearly demonstrates that, that he was not aware of, of, of the penalties that were, um, available to him. What is clear from the, uh, what is clear throughout is that what he wanted to punish was the discharging of the firearm and the wounding of two people. Um, he may well, and, you know, we're speculating, maybe he thought that the only way he could get, you know, 20 years since he was limited to 10 years on the, uh, 924C was to give the maximum on everything so that he could then put the 10 years consecutive to, we, we just don't know. Another point that I want to, that I want to emphasize, two, two things. Number one, I think if you decide, uh, the initial question of did he have authority to reopen the hearing, what he does subsequently at the hearing in a way is irrelevant, right? If he has the authority to reopen the hearing, then we are just, again, looking at the sentence like we would any other sentence about whether the judge, you know, imposed a reasonable sentence, did he abuse his discretion, et cetera. But I think, I think what happened in terms of the sentence he imposed does not really pertain at all to whether he had the authority to reopen. And so, again, I think the focus is, is it a clear error or a technical error to not know what, uh, sentencing options are available to you when you impose a sentence? Let me ask you this question before you run out of time. Let's suppose I, we agree with you. He's entitled to a re-sentence, but we send it to another judge. Now, the whole thing's wide open then, isn't it? I mean, now you're looking at a, at a new judge's sentencing and hearing it for the first time, you're going to be looking at the possibility of a 480-month sentence or something that's substantially higher than 360. Well, first, I would respectfully submit there'd be no reason to send it to another judge. That's part of my hypothetical. Yeah, that's, that's always a danger. That's always a danger. Yeah. You're willing to take that risk? Well, I would, I would, I would urge the court not to do that. Um, I don't think that Judge Boyle has done anything in this case to indicate that, that he's not, uh, this improper for him to go back and, and, uh, uh, re-sentence. Um, this court may not like the 30-year sentence. And one, one point I do want to make, um, and really emphasize, um, you send, you send a second order asking us to address the substance of reasonableness of the sentence. Um, I don't, I would insist that this court not affirm the 40-year sentence without, again, giving the parties an opportunity to brief that issue. Um, there are, there are so many implications in that first hearing that were not, that were not briefed, um, because there was no need to. Um, so I think, again, the threshold inquiry is, did he have the right to reopen the hearing? If he did, then we're looking at the substance of reasonableness of the 30-year sentence. And I would ask the court, uh, I would, I would say to the court that it was unreasonable and ask the court to remand. Thank you. Keep going. Keep going. Okay. All right. We'll come down to great counsel and then go on to our last pitch.
judges: William B. Traxler Jr., Allyson K. Duncan, Andre M. Davis